# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BERGAN,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 11-7548** |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| Defendants. | : | |

# M E M O R A N D U M

**STENGEL, J.**  July 11, 2013

Joseph Bergan contends that he was burned by scalding condensate discharged from an exposed pipe at the Philadelphia VA Medical Center. He sued the United States, the United States Department of Veterans Affairs (collectively, the United States), Edward J. Meloney, Inc., and E.J. Meloney Plumbing Company (collectively, E.J. Meloney), alleging negligence. I held a bench trial on Mr. Bergan's claim against the United States. 28 U.S.C. §§ 1346(b); 2402. Consistent with the following findings of fact and conclusions of law, I will enter judgment in favor of the United States.

## I.  FINDINGS OF FACT

1. On December 17, 2009, Mr. Bergan was on the premises of the Philadelphia VA Medical Center, performing work for his employer, Capital Valve Services. Trial Tr. 115:10-116:5, July 1, 2013.

2. Mr. Bergan was hoisting industrial valves into his truck from an area adjacent to the mechanical room colloquially known as "the pit." Id. 117:24-118:9.

3. While in the pit, Mr. Bergan's right foot was burned by hot condensate discharged from a pipe protruding through the mechanical room doorway (the "offending pipe"). Id. 129:10-131:9.

4. Mr. Bergan never saw the offending pipe before or after December 17, 2009. Id. 172:2-4.

5. Mr. Bergan does not know who placed the offending pipe through the mechanical room doorway, id. 172:5-7, how long the offending pipe was there, id. 170:23-171:2, or where the discharged condensate originated, id. 172:17-22.

6. No employee of the Government saw the offending pipe before, on, or after December 17, 2009. Id. 174:6-10, 214:9-12, 216:23-217:7, 221:3-21.

## II. CONCLUSIONS OF LAW

1. Because the alleged act or omission occurred in Pennsylvania, the law of that state governs Mr. Bergan's negligence claim against the United States. 28 U.S.C. § 1346(b)(1); Abuhouran v. United States, 595 F. Supp. 2d 588, 592 (E.D. Pa. 2009).

2. "Pennsylvania law places the burden on the plaintiff to establish the existence of negligence on the part of the defendant by proving four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." Estate of Swift v. Ne. Hosp. of Philadelphia, 690 A.2d 719, 722 (Pa. Super. Ct. 1997).

3. Plaintiff was a business invitee of the United States on December 17, 2009. Rippee v. Grand Valley Mfg. Co., 762 F.2d 25, 27 (3d Cir. 1985) (finding that truck driver picking up load at defendant's premises was a business invitee).

4. "Possessors of land owe a duty to protect invitees from foreseeable harm." Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (citing Restatement (Second) of Torts § 343 (1965)); see also Moultrey v. Great A & P Tea Co., 422 A.2d 593, 595-96 (Pa. Super. Ct. 1980).

5. Accordingly, "[a]n invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." Estate of Swift, 690 A.2d at 722.

6. Mr. Bergan has not proven by a preponderance of the evidence that an employee of the Government played any role in the placement of the offending pipe. In fact, he conceded that he does not know who placed the offending pipe through the mechanical room doorway. Trial Tr. 172:5-7, July 1, 2013.

8. Mr. Bergan has not proven by a preponderance of the evidence that an employee of the Government had actual notice of the offending pipe. Mr. Bergan relied on the testimony of Daniel Burke, a steamfitter for E.J. Meloney, to prove actual notice. Trial Tr. 8:5-14, July 2, 2013. Mr. Burke's testimony on this point is not persuasive. Mr. Burke testified that Ted Dempski, section chief of facilities at the Philadelphia VA Medical Center, knew he was discharging condensate from a pipe protruding through the mechanical room wall, not from the offending pipe. Trial Tr. 20:16-22, July 1, 2013. Mr. Burke's testimony therefore does not support Mr. Bergan's claim that an employee of the Government had actual notice of the offending pipe.

9. Mr. Bergan has not proven by a preponderance of the evidence that an employee of the Government had constructive notice of the offending pipe.

10. "Constructive notice requires proof that the relevant condition was present long enough that, in the exercise of reasonable care, the defendant should have known of its presence." Murray v. Dollar Tree Stores, Inc., CIV.A. 09-1270, 2009 WL 2902323, at *3 (E.D. Pa. Sept. 10, 2009); see also Tameru v. W-Franklin, L.P., 350 F. App'x 737, 740 (3d Cir. 2009). "The duration of the hazard is important because if a hazard only existed for a very short period of time before causing any injury, then the possessor of the land, even 'by the exercise of reasonable care,' would not discover the hazard, and thus would owe no duty to protect invitees from such a hazard." Craig v. Franklin Mills Associates, L.P., 555 F. Supp. 2d 547, 550 (E.D. Pa. 2008) (quoting Restatement (Second) of Torts § 343).

11. Mr. Bergan conceded that he does not know how long the offending pipe was present, Trial Tr. 170:23-171:2, July 1, 2013, as did his counsel, Trial Tr. 12:18, July 2, 2013 ("I can't prove how long that pipe was there[.]"). Beyond these concessions, Mr. Bergan's testimony, which comprises the only evidence of the offending pipe's existence, suggests that the offending pipe was present only for a short time. Trial Tr. 171:12-14, July 1, 2013 ("You know, so [the offending pipe] wasn't rusted up, it had not been sitting there for a long time, and from my experience I looked at it as it was a temporary thing."). These deficiencies are fatal to Mr. Bergan's claim of constructive notice. Murray, 2009 WL 2902323, at *3-4 (granting summary judgment for defendant

landowner where plaintiff invitee conceded she did not know how long hazard was present and offered no other evidence of hazard's duration).[1]

12. In a final effort, Mr. Bergan's counsel argued that Philadelphia VA Medical Center personnel conducted inadequate inspections of the pit. Trial Tr. 26:5-10, July 2, 2013. Putting aside that Mr. Bergan presented no evidence in this regard during his case in chief, "inspection and maintenance issues are 'immaterial to a finding of constructive notice (i.e. how long the [hazard was present]).'" Murray, 2009 WL 2902323, at *4 (quoting Read v. Sam's Club, 2:05-CV-00170-LDD, 2005 WL 2346112, at *3 (E.D. Pa. Sept. 23, 2005)); see also Henderson v. J.C. Penney, Corp., Inc., CIV A 08-177, 2009 WL 426180, at *5 (E.D. Pa. Feb. 20, 2009) (rejecting the argument "that constructive notice is not necessary where a defendant has failed to perform reasonable inspections"). These issues go to whether a landowner breached a duty owed, not whether a duty existed. Read, 2005 WL 2346112, at *3.

## III. CONCLUSION

The United States did not have notice of the offending pipe; it therefore owed Mr. Bergan no duty to protect against the offending pipe. Because Mr. Began has failed to

---

[1] A plaintiff invitee "need not produce positive testimony as to how long the defect existed if: (1) the defect is of a type with an inherently sustained duration . . . *and* (2) a witness saw the defect immediately before or after the accident." Neve v. Insalaco's, 771 A.2d 786, 791 (Pa. Super. Ct. 2001) (emphasis added). Although Mr. Bergan did not pursue this line of argument at trial, I note briefly that the offending pipe was not a defect with an inherently sustained duration. As indicated, Mr. Bergan characterized the offending pipe as a "temporary thing" that he never saw before or after December 17, 2009. Trial Tr. 171:12-14, 172:2-4, July 1, 2013; see also id. 170:21-22 ("You would never run a pipe permanently out a doorway."). Accordingly, Mr. Bergan was required to present evidence that the offending pipe "'existed for a sufficient length of time to permit the inference that reasonable care would have led to its discovery.'" Craig, 555 F. Supp. 2d at 554 (quoting Restatement (Second) of Torts § 343 reporter's note).

5

prove an essential element of his claim by a preponderance of the evidence, I will enter judgment in favor of the United States. An appropriate order follows.