# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BERGAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | |
| | : | **No. 11-7548** |
| **UNITED STATES OF AMERICA,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

**STENGEL, J.**                                                    **September 26, 2013**

Joseph Bergan, plaintiff, filed this personal injury action against the United States of America, the United States Department of Veterans Affairs (collectively, the United States), Edward J. Meloney, Inc., and E.J. Meloney Plumbing Company (collectively, Meloney), alleging negligence.  He claims that he was burned by scalding condensate discharged from an exposed pipe at the Philadelphia VA Medical Center.  I held a bench trial on plaintiff's claims against the United States on July 1 and 2, 2013, and I entered judgment in favor of the United States.  Plaintiff's claims against Meloney remain.

Meloney filed a motion for summary judgment.  Doc. No. 38.  Meloney argues that Mr. Bergan cannot produce any evidence establishing that it installed the pipe which caused Mr. Bergan's injuries.  In the alternative, Meloney argues that Mr. Bergan cannot make out a prima facie case for negligence.  I have reviewed Meloney's motion, as well as Mr. Bergan's response, Doc. No. 40, and Meloney's reply.  Doc. No. 45.  For the reasons that follow, I will deny Meloney's motion for summary judgment.

## I.    Background

On December 17, 2009, Mr. Bergan was on the premises of the Philadelphia VA Medical Center, performing work for his employer, Capital Valve Services.  Doc. No. 32 ¶ 1.  Mr. Bergan was hoisting industrial valves into his truck from an area adjacent to the mechanical room colloquially known as "the pit."  Id. at ¶ 2.  While in the pit, Mr. Bergan's right foot was burned by hot condensate discharged from a pipe protruding through the mechanical room doorway (the "offending pipe").  Id. at ¶ 3.  Mr. Bergan does not know who placed the offending pipe through the mechanical room doorway. Id. at ¶ 5.  At the time of the injury, Meloney was working as a subcontractor in the mechanical room. Transcript of Bench Trial at 7:15 – 8:8.

## II.   Standard of Review

A motion for summary judgment may be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).   Summary judgment is proper when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A party seeking summary judgment initially bears the burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is therefore appropriate when the non-moving party fails to rebut the moving party's argument by pointing to evidence that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  "Evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson</u>, 477 U.S. at 255.

## III. Discussion

The material fact at issue in this motion for summary judgment is who installed the offending pipe. Mr. Bergan claims that Meloney installed the pipe. Meloney denies installing the pipe, and further argues that plaintiff has not produced any evidence which shows that Meloney installed the pipe. Indeed, Mr. Bergan concedes that he did not see who installed the pipe, but plaintiff argues that he has produced enough circumstantial evidence from which a reasonable jury could infer that Meloney installed the pipe. (Doc No. 40 at 3). I agree.

Based on the discovery and my review of testimony taken at trial, I find there are facts in dispute. First, there is a question about whether Meloney was releasing hot condensate into the pit area during the time period when plaintiff was injured. Second, it is not clear whether the permanent pipe, which did not injure plaintiff, was hooked into the system and capable of discharging condensate at the time of the injury. Finally, there is disagreement as to whether Meloney and the United States were in exclusive control of the mechanical room and pit area. These disputes are enough to establish a genuine issue as to whether Meloney installed the offending pipe.

Viewed in the light most favorable to plaintiff, the facts could support a conclusion that Meloney was discharging hot condensate into the pit area at the time of plaintiff's injury. The permanent pipe was not yet operational, so the offending pipe was installed through the mechanical room doors to temporarily discharge the condensate. If

Meloney and the United States were in the exclusive control of the premises at the time of the injury, then only E. J. Meloney or the United States could have installed the offending pipe. Based on these facts, a reasonable jury could conclude that Meloney installed the offending pipe and is liable for Mr. Bergan's injuries; therefore, summary judgment is not appropriate.

In the alternative, Meloney argues that I should grant summary judgment because Mr. Bergan cannot make out a prima facie case for negligence. Meloney asserts that Mr. Bergan was an unforeseeable plaintiff; therefore, Meloney owed no duty to Mr. Bergan as a matter of law. I note that Meloney makes this argument for the first time in its reply brief, and it would be unfair to grant summary judgment without giving Mr. Bergan an opportunity to respond.[1] Nonetheless, the argument is not persuasive.

Meloney argues that Mr. Bergan was not a foreseeable plaintiff because the pit area was in the basement of the VA behind two locked doors. Under Pennsylvania law, a duty of care arises "only where a reasonable person would recognize the existence of an unreasonable risk of harm to others through the intervention of such negligence." Mazzagatti v. Everingham by Everingham, 516 A.2d 672, 678 (Pa. 1986). "Only when the question of foreseeability is *undeniably clear* may a court rule as a matter of law that

---

[1] In its original motion for summary judgment, Meloney argued that it did not owe a duty to Mr. Bergan in its installation of a permanent vent pipe. Meloney had installed the permanent vent pipe in the pit area at the time Mr. Bergan was injured, but Mr. Bergan does not claim that the permanent pipe cause his injury. Rather, Mr. Began claims, and I found at the bench trial, that he was injured by a temporary pipe which was installed through the mechanical room doors. In its reply, Meloney now argues that it owed no duty to Mr. Bergan with regard to any of its work in the mechanical room. This is a new argument to which Mr. Bergan has not had the opportunity to respond.

Since Mr. Bergan does not claim that he was injured by the permanent pipe, Meloney's argument that it did not owe a duty to Mr. Bergan with regard to the permanent pipe does not address a material fact in this case. Thus, the argument is unavailing.

a particular defendant did not have a duty to a particular plaintiff." <u>Roche v. Ugly Duckling Car Sales, Inc.</u>, 879 A.2d 785, 790 (Pa. Super. Ct. 2005)(emphasis added).  It is true that defendant was working in an area that was not frequented by pedestrians, but I do not see how this fact alone makes the risk of harm undeniably unforeseeable.  The defendant does not offer any argument to convince me otherwise.  Therefore, I will not grant summary judgment.

**IV      CONCLUSION**

Both Mr. Bergan and Meloney have set forth disputed issues of material fact as to whether Meloney installed the offending pipe.  Therefore, I will deny Meloney's motion for summary judgment.

An appropriate order follows.